OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 31, 2000

The Honorable Bill G. Carter
Chair, Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0278

Re: Whether the Lower Valley Water District may assess a fee to its service area property owners who opt not to connect to the District's wastewater system (RQ-0221-JC)

Dear Representative Carter:

You have requested our opinion as to whether the Lower Valley Water District may assess a fee to its service area property owners who opt not to connect to the District's wastewater system. For the reasons set forth below, we conclude that it may do so.

The Lower Valley Water District was created as a special law district in 1985 under the authority of the conservation amendment, article XVI, section 59 of the Texas Constitution.[1] Pursuant to this law, the District is authorized, *inter alia*, to:

> purchase, construct, acquire, own, lease, operate, maintain, repair, improve, and extend inside and outside its boundaries, at any location whatsoever, in the sole discretion of the authority, land and any interest in land, any and all works, improvements, facilities, plants, equipment, and appliances incident, helpful, or necessary to provide for . . . the collection, transportation, processing, disposition, and control of domestic, industrial or commercial wastes.[2]

In 1989, the District's enabling legislation was amended to convert the District to a municipal utility district under chapter 54 of the Water Code.[3]

---

[1]*See* Act of May 27, 1985, 69th Leg., R.S., ch. 780, 1985 Tex. Gen. Laws 2666 (originally created as the El Paso County Lower Valley Water District Authority); *see also* Act of May 12, 1995, 74th Leg., R.S., ch. 206, 1995 Tex. Gen. Laws 1949 (changing name to Lower Valley Water District).

[2]Act of May 27, 1985, 69th Leg., R.S., ch. 780, § 10, 1985 Tex. Gen. Laws 2666, 2670.

[3]*See* Act of May 27, 1989, 71st Leg., R.S., ch. 528, 1989 Tex. Gen. Laws 1740.

The legislature also amended chapter 17 of the Water Code in 1989, which provides for grants and loans to political subdivisions of the state, including municipal utility districts, located in an "eligible" county.[4] This legislation was intended to address the "serious and unacceptable health hazards" resulting from the lack of adequate water and sewer services in the *colonias*.[5] An eligible county was defined as one whose per capita income averaged twenty-five percent below and whose unemployment rate averaged twenty-five percent above the state average for three consecutive years and that was located adjacent to an international border.[6] According to the brief filed by the attorney for the District, "El Paso County has been determined to be an affected county," and the District "is located in El Paso County."[7] Furthermore, the District has been the recipient of chapter 17 economic assistance funds from the Texas Water Development Board (the "Board").[8]

Section 17.934 of the Water Code provides:

> (a) Notwithstanding any other law, a political subdivision that is located in a county in which a political subdivision has received financial assistance under this subchapter or under subchapter F, Chapter 15, of this code may:
>
> > (1) provide for a sanitary sewer system; and
>
> > (2) require property owners to connect to the sewer system.
>
> (b) The [Texas Water Development] [B]oard may require, as a condition for granting an application for financial assistance under this subchapter to a political subdivision for construction of sewer services, that the applicant exercise its authority under this section.

TEX. WATER CODE ANN. § 17.934 (Vernon 2000). Pursuant to its authority under this statute, the Board has adopted a rule requiring "[a]ny applicant receiving financial assistance from the board for the construction of wastewater system improvements . . . [to] require property owners that are to be served by such wastewater system improvements to connect to the applicant's sewer system." 31 TEX. ADMIN. CODE § 363.510 (2000). The brief from the District's attorney indicates that the Board

---

[4]*See* Act of May 28, 1989, 71st Leg., R.S., ch. 624, §§ 2.14-.21, 1989 Tex. Gen. Laws 2063-64, 2072-82.

[5]*Id.* § 1.01 at 2063. *See also* Brief from Kemp Smith, Attorneys at Law, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (June 22, 2000) (on file with Opinion Committee).

[6]*See* Act of May 28, 1989, 71st Leg., R.S., ch. 624, § 2.21, sec. 17.883, 1989 Tex. Gen. Laws 2063, 2078 (now TEX. WATER CODE ANN. § 17.923 (Vernon 2000).

[7]Brief from Kemp Smith, Attorneys at Law, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General, at 4 (June 22, 2000) (on file with Opinion Committee).

[8]*See id.* at 4-5.

has, as a condition of providing financial assistance, required the District to exercise its authority under section 17.934.[9]

The District's brief explains that the District has "adopted a 'minimum rate fee' as an incentive to connect to the District's system and a disincentive to refusing to use the system."[10] An addendum to the rate order establishing sewer rates and related fees states:

> A minimum rate of $15.00 per month will be charged customers not connected to an existing sewer main in the street which is capable of serving the wastewater needs of the customer's property.[11]

You ask whether the District is authorized to impose this minimum fee on property owners who are able to connect to the District's sewer system, but have refused to do so.[12]

Chapter 49 of the Water Code contains general provisions applicable to all districts created under the authority of article XVI, section 59 of the Texas Constitution. One of its provisions permits a district to "adopt and enforce all necessary charges, fees, or rentals, in addition to taxes, for providing or *making available any* district facility or *service*." TEX. WATER CODE ANN. § 49.212(a) (Vernon 2000) (emphasis added). In our opinion, it is clear that availability of and connection to the sewer system provided for by section 17.934 constitutes a "service" that is "made available" to the property owners of the District. "Service," in the context contemplated by subsection 49.212(a), means "[t]he supply or laying-on of gas, water, etc., through pipes from a reservoir; the apparatus of pipes, etc., by which this is done. Also applied to other facilities, such as electricity, waste disposal, etc., esp. provided for domestic use." XV OXFORD ENGLISH DICTIONARY 37 (2d ed. 1989). Furthermore, subsection 49.212(a) does not require that a district actually furnish sewer service before it may charge a fee. Rather, a district need merely make the service available to the property owner. In our opinion, by "making available" its sewer connections, the District has fulfilled the statutory requirement for imposing a necessary fee. Whether the amount of the fee contemplated by the District—$15.00 per month—is necessary requires the resolution of factual matters that are not appropriate to an attorney general's opinion.[13]

---

[9]*See id.* at 5.

[10]*Id.* at 8.

[11]*Id.* (Exhibit B).

[12]Letter from Honorable Bill G. Carter, Texas State Representative, District 91, Chair, Committee on Urban Affairs, to Honorable John Cornyn, Texas Attorney General (Apr. 12, 2000) (on file with Opinion Committee).

[13]*See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ( "[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

        We conclude that the Lower Valley Water District is authorized to assess a necessary fee to its service area property owners who are able to connect to the District's sewer system but have refused to do so.

**S U M M A R Y**

        The Lower Valley Water District is authorized to assess a necessary fee to its service area property owners who are able to connect to the District's sewer system but have refused to do so.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee